UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LAPETE R. HICKS, SR.,<br><br>           Plaintiff,<br><br>   vs.<br><br>WARDEN DAREN YOUNG,<br>ASSOCIATE WARDEN TROY PONTO,<br>DR. EUGENE REGIER, DR. RYAN,<br><br>           Defendants. | 4:15-CV-04048-KES<br><br><br>ORDER FOR SERVICE AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

**INTRODUCTION**

This matter is before the court on plaintiff La Pete R. Hicks Sr.'s complaint pursuant to 42 U.S.C. § 1983. This matter has been referred to this magistrate judge for handling pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and the Honorable Karen E. Schreier's standing order of October 16, 2014. The purpose of this opinion is to screen Mr. Hicks' complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) to determine if it states a claim upon which relief may be granted.

**DISCUSSION**

**A.    Screening Pursuant to 28 U.S.C. § 1915A**

28 U.S.C. § 1915A requires the court to "screen" prisoner complaints. It states as follows:

> **§ 1915A.  Screening**
> **(a) Screening.**—The court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   **(2)** seeks monetary relief from a defendant who is immune from such relief.
> **(c) Definition.**—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), a prisoner's complaint should be dismissed on screening if it "fails to state a claim upon which relief may be granted." This standard is the same standard as is used to determine whether a complaint satisfies the standards of FED. R. CIV. P. 12(b)(6). Kane v. Lancaster County Dept. of Corrections, 960 F.Supp. 219 (D. Neb. 1997). A prisoner complaint is screened for dismissal under 28 U.S.C. § 1915 "accepting as true all of the factual allegations contained in the complaint and affording the plaintiff all reasonable inferences that can be drawn from those allegations." Jackson v. Nixon, 747 F.3d 537, 540-41 (8th Cir. 2014). Further, "a *pro se* complaint, however inartfully pleaded, [is held] to less stringent standards than formal pleadings drafted by lawyers." Jackson, 747 F.3d at 541. (citation omitted).

The United States Supreme Court addressed the standard district courts are to apply to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6) motions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The law predating Twombly and Iqbal held that under F<small>ED</small> R. C<small>IV</small>. P. 12(b)(6), the court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, Conley's "no set of facts" language was overruled in Twombly. Twombly, 550 U.S. at 563. Instead, the Court adopted a standard by which plaintiffs must plead "enough facts to state a claim to relief that is *plausible* on its face." Id. at 570 (emphasis added).

The Court stated that F<small>ED</small>. R. C<small>IV</small>. P. 8(a)(2) requires only that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (citing F<small>ED</small>. R. C<small>IV</small>. P. 8(a)(2)). The Court acknowledged that a complaint does not need "detailed factual allegations" to survive a motion to dismiss, but emphasized a plaintiff's obligation to provide more than a mere recital of the elements of his cause of action. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Court imposed a "plausibility standard" and held that a claim "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the plaintiff has a valid claim. Id. at 556.

The Court stated that conclusory allegations were not enough to survive a 12(b)(6) motion to dismiss a claim. Id. at 556-57. "The need at the pleading

3

stage for allegations plausibly suggesting (not merely consistent with) [a valid claim] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " Id. at 557 (quoting FED. R. CIV. P. 8(a)(2)).  The Court said the plaintiff's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief.  Id.

In 2009, the Supreme Court decided Ashcroft v. Iqbal, and affirmatively applied the Twombly Rule 12(b)(6) standard to all civil actions.  Iqbal, 556 U.S. at 684.  Because Twombly interpreted and applied FED. R. CIV. P. 8, and because the Federal Rules of Civil Procedure apply to all civil actions in federal court, the Iqbal Court said, Twombly was properly applied to all federal civil cases.  Id. (citing FED. R. CIV. P. 1).

The Iqbal Court expressly adopted Twombly's announcement that Rule 8 does not require "detailed factual allegations," but does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  The Court reaffirmed Twombly's holding that a complaint containing mere "labels and conclusions" or a "formulaic recitation of a cause of action" is insufficient to survive a motion to dismiss under Rule 12(b)(6).  Id.

The Iqbal Court stated the plausibility standard requires that the plaintiff allege more than a "sheer possibility" that the defendant committed the alleged unlawful conduct, but does not impose a "probability requirement" at the pleading stage.  Id. (quoting Twombly, 550 U.S. at 556).  The plaintiff must,

4

however, allege sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of [the conduct complained of]." Twombly, 550 U.S. at 556. Where a plaintiff pleads facts that are merely consistent with a defendant's liability, he has not "nudged [his] claim across the line from conceivable to plausible," and the complaint must be dismissed. Iqbal, 556 U.S. at 680 (citing Twombly, 550 U.S. at 570). There is no heightened requirement of fact pleading of specifics--only a requirement that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The Court identified two "working principles" from Twombly. Iqbal, 556 U.S. at 678. First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, in applying the plausibility standard, the Court stated that it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)). Where the plaintiff's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has *alleged*–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679.

5

A reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth.  Id. at 679-680.  Legal conclusions must be supported by factual allegations demonstrating the grounds for a plaintiff's entitlement to relief.  Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.  It is with these standards in mind that Mr. Hicks' complaint is carefully considered.

**B.    Mr. Hicks' Complaint survives screening**

Mr. Hicks' complaint alleges the defendants have deprived him of his Eighth Amendment right to be free of cruel and unusual punishment.[1]  Mr. Hicks alleges defendants were deliberately indifferent to his serious medical needs regarding his foot.  He states that a piece of dense metal became embedded in his foot.  When he sought medical care, defendants took x-rays of his foot and concealed from Mr. Hicks the fact that a piece of metal was there, telling him it was only calcium build up.  Additionally, he asserts that defendants denied him tennis shoes to wear during his work in the laundry and that he was required to wear shoes with holes in the soles allowing his bare feet to contact the floor and causing pain.

---

[1] Mr. Hicks also invokes the Fourteenth Amendment.  Because he does not allege any claim save for his deliberate indifference claim, the court assumes the reference to the Fourteenth Amendment is for purposes of making clear that the provisions of the Eighth Amendment are applicable to defendants, who are state actors.

Mr. Hicks alleges after two years, defendants finally sent him to a surgeon for removal of the metal from his foot which had, by this time, become imbedded in the fifth metatarsal bone.  Mr. Hicks alleges the surgeon was required to do more invasive surgery than would have been required if he had received proper medical attention from the beginning.  In addition, Mr. Hicks alleges he suffered permanent nerve damage, pain, and a limp due to defendants' inattention.

"[D]eliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05.  "[T]his does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 105.  "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.  Allegations of negligence are not enough to state a claim. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (prisoner must show more than gross negligence and more than disagreement with treatment decisions).

Deliberate indifference requires the court to make both an objective and a subjective evaluation. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Coleman v. Rahja, 114 F.3d 778, 784 (8th Cir. 1997)). Mr. Hicks is required to show (1) that he suffered objectively serious medical needs and (2) that defendants actually knew of but deliberately disregarded those needs. Id. (citing Coleman, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Coleman, 114 F.3d at 784. To establish liability, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Mr. Hicks' allegations in his complaint are sufficient to set forth plausible facts necessary to support a deliberate indifference claim. His claim therefore is sufficient to survive screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

**Motion for Appointment of Counsel**

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony,

and the plaintiff's ability to investigate the facts and present his claim." <u>Davis v. Scott</u>, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Mr. Hicks' allegations are cogently stated by him. The court is able to fully understand what he claims happened. Understanding does not rest on subtle medical niceties. In addition, this case is not legally complex. The law regarding deliberate indifference is set forth above. That law requires the assertion of a claim that even a lay person would understand resulted in deliberate indifference to a serious medical need.

Like all individuals untrained in the law, Mr. Hicks may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter. The court would not benefit from the assistance of counsel at this point in the proceedings. Although Mr. Hicks is incarcerated, he is able to investigate the facts of his claim. It is not clear at the present time whether there will be conflicting testimony in this case. Considering all the relevant factors, as discussed above, and upon the record to-date, the court denies Mr. Hicks' request for court-appointed counsel.

## CONCLUSION and ORDER

Mr. Hicks' complaint has been screened as required by the Prison Litigation Reform Act ("PRLA"), 28 U.S.C. § 1915. The Court has determined the Complaint is sufficient to survive screening. Therefore, it is ORDERED:

1. The United States Marshal shall serve a copy of the Complaint (Docket 1), Summons, and this Order upon defendants as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendants, or if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. He shall include with the original paper to be filed with the Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Mr. Hicks' Motion for Appointment of Counsel (Docket No. 7) is DENIED without prejudice as premature.

DATED this 7th day of May, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge